## Thomas Mitchell v. Lewis Shuert.

*Set-off: Receipt for collection of note: Unliquidated damages.* In a suit upon a note against defendant it appeared that defendant delivered a note against a third party to plaintiff to collect, and took a receipt from plaintiff that when collected he would endorse it on the note now sued on.

It was never collected by plaintiff, and all remedy was barred by the statute when the suit was commenced. There was no evidence of the responsibility of the maker, or whether the note was collectible. Defendant claimed that he had a right to have the amount of the note set off against the note sued on.

*Held,* That even if this receipt could be regarded as an express promise to collect, then it evidently does not follow as a matter of course that he is to be charged with the whole amount of the note for a failure to collect it. The damages in such case must depend on the value of the note and the probability of collection, and if the maker was irresponsible they would have been at least nominal only. The damages were therefore unliquidated, and not the subject of set-off under the statute.

*Excessive judgment: Costs: Discretion of Court.* Where the facts showing that an excessive judgment was taken before a justice do not appear on the record, this court will not inquire into the exercise of the discretion of the Circuit Court in awarding costs, in order to determine upon their power to review it.

*Heard April 8th.    Decided April 14th.*

Error to St. Joseph Circuit.

This was an action of assumpsit brought upon a promissory note.

The defendant claimed a set-off to the amount of a note he had delivered to plaintiff for collection, but which was lost through his neglect.

The set-off was allowed and judgment was rendered in favor of plaintiff for the balance.

The facts are stated in the opinion.

*Shipman & Loveridge,* for plaintiff in error.

*Mason & Allison,* for defendant in error.

COOLEY CH. J.

Mitchell sued Shuert before a justice of the peace, and recovered judgment upon a promissory note; Shuert not appearing to make defense. Shuert appealed to the Circuit

Court, where he was permitted to plead the general issue, and to give notice of set-off.

On the trial, the making of the note which plaintiff had declared upon was admitted, and the controversy turned upon the allowance of the set-off. It appeared that on December 21, 1860, Shuert had delivered to Mitchell a note against one Noyes for $39.28, dated April 3, 1855, and had received from Mitchell a receipt stating that when collected he was to endorse it on the Shuert note. This note against Noyes had run some five years and eight months when Mitchell received it; it was never collected by him, and all remedy upon it was barred before this suit was brought. Shuert claimed that Mitchell's receipt was equivalent to a promise that he would take the necessary steps to collect it; and having failed to do so, he was liable to have the amount set off against the note he held against Shuert. There was no evidence as to the responsibility of Noyes, or whether the note was collectible or not, but there was some evidence that it had been paid to Shuert, which, however, he denied, and the Circuit Judge found not to be true in fact. And he found, as matter of law, that Mitchell, by failing to take the necessary steps for the collection of the note, was chargeable for it, and accordingly deducted the amount from the plaintiff's demand. In this we think he erred.

The conclusion of the Circuit Judge that Mitchell had undertaken to collect the note, seems to have been drawn from the receipt given by him, and by which he promised to apply it when collected. If this can be regarded as an express promise to collect, then it evidently does not follow, as a matter of course, that he is to be charged with the whole amount of the note for a failure to collect it. The damages in such a case must depend upon the value of the note and the probability of collection; and if Noyes was irresponsible, they would have been nominal only, if indeed that fact would not constitute a complete excuse

for failure to take any proceedings. The damages, therefore, are necessarily unliquidated, and were not the subject of set - off under the statute.

The only remaining question is, whether the Circuit Judge was right in awarding costs against Mitchell in the Circuit Court.

It seems to have been assumed on the argument in this court, that Mitchell took judgment before the justice for some ten dollars more than was due him on his own theory of the case. If this was so, we think the Circuit Judge might properly have awarded costs against him on the appeal. A party sued on a note has always a right to assume that judgment will not be taken upon it for a larger sum than appears upon its face to be due; and he is under no obligation to watch the proceedings to see that a judgment in excess of this sum is not taken. But whether the judgment before the justice was actually excessive or not, we have no means of determining from the record; and we are consequently not disposed to inquire into the exercise of the discretion of the Circuit Judge in awarding costs, in order to determine upon our power to review it.

The amount now appearing to be due to the plaintiff upon the note in suit is $245.34, for which amount, and the costs of this court, he is entitled to judgment.

CAMPBELL and GRAVES JJ. concurred.

CHRISTIANCY J. did not sit.